IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT RODRIGUEZ,**

    **Petitioner,**                       **CASE NO. 2:09-CV-105**
                                           **CRIM. NO. 2:08-CR-39(3)**
**v.**                                         **JUDGE MARBLEY**
                                           **MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on petitioner's motion, doc. No. 128, respondent's return of writ, Doc. No. 132, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### FACTS and PROCEDURAL HISTORY

Petitioner was convicted, on his plea of guilty pursuant to a plea agreement, of one count of possessing with the intent to distribute 100 kilograms or more of marihuana in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. *Plea Agreement*, Doc. No. 58. *See also* Doc. Nos. 66, 67, 77. On October 17, 2008, the Court sentenced petitioner to sixty months incarceration plus four years supervised release. Doc. No. 115.

On February 13, 2009, petitioner filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He asserts as follows:

    1. Ineffective assistance of counsel.

> Hired Attorney led me to believe that they were federal attorneys was later reveal[ed] that they were not licensed federal attorney's. Hired attorney did not appear at hearing to properly represent defendant, however another individual was sent to hearings and did not appear to have accurate knowledge of my case.

*Motion to Vacate.* It is the position of the respondent that petitioner's claim of ineffective assistance of counsel is without merit.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner was originally appointed counsel to assist him in this action. *See* Doc. No. 3. John T. Belton, Esq., thereafter entered his appearance on behalf of petitioner. *Notice of Substitution of Counsel*, Doc. No. 16. Petitioner complains that defense counsel was not licensed to represent petitioner in federal proceedings; petitioner also complains that "another individual was sent to hearings" but that person lacked knowledge of petitioner's case. The record offers no support for petitioner's allegations.

The records of this Court reflect that John T. Belton, Esq., was admitted to the bar of this Court on August 17, 1977, and remains an active member of the federal bar. *See Attorney Admissions Report for John Thomas Belton*.[1] Moreover, the Court's docket indicates that it was Mr. Belton who personally appeared with defendant at all hearings. *See e.g.*, *Minutes of Arraignment on Indictment*, Doc. No. 29; *Minutes of Arraignment on Superseding Indictment*, Doc. No. 46; *Minutes on Change of Plea*, Doc. No. 66; *Minutes of Sentencing*

---

[1] This Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003)(citations omitted); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, 2006 WL *1 n.1 467909 (E.D. Mich. February 27, 2006)("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding").

(October 17, 2008). Therefore, petitioner's allegation that his retained defense counsel was not licensed to practice in this Court is belied by the facts, as is his allegation that his retained counsel was not present with petitioner during his Court hearings.

Petitioner does not allege, and the record does not establish, that petitioner was denied the constitutionally effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Although petitioner's recommended sentence under the United States Sentencing Guidelines was 87-108 months incarceration, *see PreSentence Investigation Report*, and the government recommended that petitioner be sentenced "towards the lower end of that range," *see Government's Sentencing Memorandum*, Doc. No. 111, defense counsel was successful in arguing for the minimum mandatory sentence – 60 months incarceration. Further, as noted by respondent, the transcripts of petitioner's guilty plea and sentencing hearing do not reflect that petitioner expressed any dissatisfaction with counsel. *Transcripts*, Doc. Nos. 113, 131.

In short, petitioner's allegations are entirely unsupported by the record and plainly without merit.

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                          *s/ Norah McCann King*
                                          Norah McCann King
                                          United States Magistrate Judge

September 3, 2010